IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:12-CR-116-CWR-FKB-6 |
| NUMAINE CASTON | DEFENDANT |

**ORDER**

Before the Court is defendant Numaine Caston's *pro se* Motion for Compassionate Release. Docket No. 459. For the reasons stated below, the motion is denied.

In June 2013, Caston pled guilty to one count of possession with intent to distribute 28 grams or more of crack cocaine. Minute Entry of June 27, 2013. Two months later, the undersigned sentenced Caston to 136 months imprisonment; five years supervised release; and the $100 special assessment. Docket No. 276. On February 10, 2016, the Court entered an order reducing Caston's sentence to 115 months imprisonment. Docket No. 418. He now moves for compassionate release pursuant to 18 U.S.C. § 3582, in light of the COVID-19 pandemic. Docket No. 459. Caston—currently incarcerated at FCC Forrest City Low in Forrest City, Arkansas—states in his request that he suffers from high blood pressure, seizures, and obesity.

While the Court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), it may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id.* § 3582(c)(1)(A). The Court may grant such a request if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission," *id.*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).[1]

Even assuming that Caston has shown extraordinary and compelling circumstances, he has failed to show that he would not be a danger to his community upon release, and the § 3553(a) factors do not weigh in his favor. Caston's criminal history indicates that he has a history of violent conduct. Prior to his instant offense, he was convicted of simple assault (four times), assault (twice), domestic violence, and aiming or pointing a deadly weapon. *See* Docket No. 266. In addition to his numerous violent offenses, Caston has been convicted of several other drug crimes, including prior felony convictions for cocaine possession and possession with intent to distribute cocaine base. *Id.* at 11, 14.

Moreover, between 1991 and 2000, Caston was arrested 23 times for contempt of court and traffic violations *alone*; this does not include his arrests and subsequent convictions for other weighty crimes, such as altering vehicle identification numbers (VINs), receiving stolen goods (twice), and carrying a concealed weapon. *Id.* at 10-15. Lastly, it should be emphasized that Caston

---

[1] For the Court to proceed to such an analysis, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request . . . ." 18 U.S.C. § 3582(c)(1)(A). Here, the BOP concedes that Caston has exhausted his efforts and, as a result, the Court need not discuss the exhaustion prong in its analysis. Docket No. 463 at 1.

was on supervised release during the time of the instant offense, which according to the sentencing guidelines, added two points to his criminal score. *Id.*; *see also* U.S.S.G. § 4A1.1(d).

In sum, in light of Caston's criminal history, he has not demonstrated that he would not be a danger to his community, if the Court were to grant his motion for compassionate release. The Court, therefore, cannot conclude compassionate release would adequately address the seriousness of the charges of Caston's conviction, promote respect for the law, or provide a just punishment. § 3553(a). It follows that the motion must be denied.

**SO ORDERED**, this the 12th day of March, 2021.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE